PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1995 Dodge Neon struck a manhole cover on Harvey Street in Williamson, Mingo County. Harvey Street is a public road under the State highway system. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on June 25,2007. Claimant was driving on Harvey Street when her vehicle struck a manhole cover. The Claimant had not seen the manhole cover prior to this incident. As a result, the Claimant’s vehicle, valued at $1,000.00, was totaled. The Claimant had liability insurance coverage.
The position of the Respondent is that it is not responsible for the maintenance of the manhole cover on Harvey Street in Williamson, Mingo County. Michael Spry, Crew Supervisor for Respondent in Mingo County, testified that he is familiar with the area where the Claimant’s incident occurred. He stated that the City of Williamson maintains that portion of the road. The City of Williamson has a private contractor that performs maintenance for the City. Mr. Spry stated that Respondent was unaware of the defect in the manhole cover prior to this incident.
Also testifying at the hearing for Respondent was Thomas Meddings, Respondent’s Utility Permit Supervisor in District Two. Mr. Meddings testified that he is not aware of a maintenance permit or contract between the City of Williamson and Respondent wherein the City agreed to hold the Respondent harmless for damages arising from its work performed at this location.
Mr. Meddings stated that onNovember 3,1978, the Respondent entered into *149 an agreement with the City of Williamson wherein the Respondent agreed to include Harvey Street under the State highway system. Clause IV of the agreement states:
Duties and responsibilities of the City shall be as follows:
1. Sweeping and/or flushing of pavement.
2. Placing and maintenance of street name signs.
3. Maintenance of all curbs and sidewalks except for those on the bridge as stated in Article III 7 above.
4. Maintenance of all City owned sanitary sewer and waterlines.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, the Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
As to the parties involved, the Respondent bears the responsibility for the maintenance of the roads. The Respondent took this road under its system. If there is another entity such as the City of Williamson that, by agreement, assumes this responsibility, then the Respondent has the right to seek reimbursement from the City of Williamson for the damages arising from this claim.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $1,000.00.
Award of $1,000.00.